# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATASHA ALBRITTON,<br><br>        Plaintiff,<br><br>v.<br><br>BIO-REFERENCE LABORATORIES, INC.,<br><br>        Defendant. | Civil Action No. 1:21-cv-02245 |

## DEFENDANT'S NOTICE OF REMOVAL

To:    United States District Court
        Eastern District of New York
        100 Federal Plaza
        Central Islip, NY  11722

Defendant Bio-Reference Laboratories, Inc., (hereinafter "Bio-Reference" or the "Company"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this petition, Bio-Reference respectfully states as follows:

        1.    On or about February 22, 2021, Plaintiff Natasha Albritton ("Plaintiff") filed a Verified Complaint (the "Complaint") against Bio-Reference in the Supreme Court of the State of New York, County of Kings, Index No.: 504246/2021 (hereinafter the "State Court Action").  The State Court Action is currently pending in that Court.  No other defendants are named in the Complaint.  A copy of the Complaint filed in the State Court Action, (annexed hereto as **Exhibit A)** and Affidavit of Service on the Secretary of State (annexed hereto as **Exhibit B**) constitute all of the processes and pleadings served and filed to date in the State Court Action.

2. Bio-Reference was served with the Summons and Complaint on March 24, 2021.

   a. Plaintiff filed an Affidavit of Service stating that Plaintiff served the Summons and Complaint upon the Secretary of State on February 25, 2021. A filed copy of Plaintiff's Affidavit of Service on the Secretary of State, dated February 25, 2021, is annexed hereto as **Exhibit B**.

   b. The State of New York, Department of State, Division of Corporations sent the Summons and Complaint by USPS Certified Mail (bearing tracking number 9214896900597933307541) to Corporation Service Company ("CSC"), which is Bio-Reference's corporate agent for service in New York. A copy of the Cover Letter and Envelope bearing the Certified Mail tracking number are annexed hereto as **Exhibit C.**

   c. CSC received the Summons and Complaint on March 24, 2021. A copy of the CSC Notice of Process of Service and the Certified Mail tracking information is annexed hereto as **Exhibit D**.

   d. For purposes of starting the 30-day removal clock, Bio-Reference's actual receipt of the initial pleading is March 24, 2021. See Cotter v. Milly LLC, No. 09 CIV. 04639 (PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010) (while New York law may treat service as "complete" when a summons and complaint are served on the Secretary of State, federal courts in New York require actual receipt of the initial pleadings by a defendant to start the 30–day removal clock).

3. Thus, this Notice of Removal is timely filed within 30 days after Bio-Reference first received notice of the State Court Action through service or otherwise. This Notice of

Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

4. Bio-Reference makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

5. The State Court Action is a civil action over which this Court has original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332.

6. There is complete diversity in this action pursuant to 28 U.S.C. § 1332 in that, at the time of the filing of the Complaint and at the time of removal:

   a. Bio-Reference is a New Jersey Corporation with its principal place of business located in Elmwood Park, New Jersey.  See **Exhibit A** at ¶ 4.  Bio-Reference is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

   b. Bio-Reference is not incorporated in New York nor does it maintain a principal place of business in New York.

   c. The Complaint does not name any non-diverse defendants.  No defendant is a citizen of New York.

   d. Upon information and belief, and according to the Complaint, Plaintiff is a citizen of, and resides in, Kings County in the state of New York.  See **Exhibit A** at ¶ 3.

7. The amount in controversy in this action is satisfied pursuant to 28 U.S.C. § 1332 in that:

   a. The Complaint alleges an amount in controversy in excess of $75,000.

   b. Plaintiff brings claims for Discrimination and Retaliation under the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y. City Admin. Code § 8101 et seq. ("NYCHRL").

        Plaintiff also asserts a common law claim for Negligent Infliction of Emotional Distress. Plaintiff seeks, *inter alia*, to recover for compensatory damages, emotional distress damages, pain and suffering, and punitive damages, among other monetary damages. See **Exhibit A** at ¶¶ 18, 23, 27, 30.

    c. Plaintiff seeks "no less than $1,000,000.00" in damages for her Third Cause of Action under the NYSHRL. Id. at ¶ 27.

    d. Therefore, assuming solely for purposes of this application that Plaintiff could succeed on her claims, her recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

8. Accordingly, the above captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists in that no plaintiff is a citizen of the same state as any properly joined and served defendant. See 28 U.S.C. §§ 1332, 1441, 1446. Therefore, this Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332, which Bio-Reference may properly remove to this Court pursuant to 28 U.S.C. §1441, *et seq*.

9. Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the Eastern District of New York in that the State Court Action was filed in the Supreme Court of the State of New York, County of Kings.

10. As of the present date, no other hearings or proceedings have taken place in the State Court Action to Bio-Reference's knowledge.

11. As of this date, no discovery has been issued or commenced in the State Court Action.

12. By filing this notice, Bio-Reference neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

13. Pursuant to Fed. R. Civ. P. 81(c), Bio-Reference must answer or present other defenses or objections to Plaintiff's Complaint seven days after the filing of this Notice of Removal.

14. Upon filing of this Notice of Removal, Bio-Reference shall give written notice thereof to Hendrick Vandamme, Esq., attorney for Plaintiff. Bio-Reference shall also file true and correct copies of said Notice of Removal with the Clerk of the Court of the Supreme Court of the State of New York, County of Kings.

WHEREFORE, Defendant Bio-Reference Laboratories, Inc. hereby respectfully requests that the Court remove this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, wherein it shall proceed as an action originally commenced therein.

Dated: April 23, 2021

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*Bio-Reference Laboratories, Inc.*

*/s/ Kirsten M. Grossman*
Kirsten M. Grossman, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
kgrossman@nfclegal.com
Telephone: (973) 665-9100
Facsimile: (973) 665-9101