# EXHIBIT A

State of New York - Department of State
Division of Corporations

Party Served:
BIO-REFERENCE LABORATORIES, INC.

Plaintiff/Petitioner:
ALBRITTON, NATASHA

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 02/25/2021 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
NATASHA ALBRITTON,

                              Plaintiff,

    -against-

BIO-REFERENCE LABORATORIES, INC.,

                              Defendant.
-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Kings
County the place of trial

The basis of the venue is the
Plaintiff's residence

***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against by default for the relief demanded in this complaint.

Dated: New York, New York
       December 15, 2020

Yours, etc.,

VANDAMME LAW FIRM, P.C.
*/s/ Hendrick Vandamme*
Hendrick Vandamme, Esq.
46 Trinity Place, 3rd Floor
New York, New York 10006
Tel: (212) 641-0613/212-851-6916



5

TO:   BIO-REFERENCE LABORATORIES, INC.,
      481 Edward H. Ross Drive
      Elmwood Park, NJ 07407

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
NATASHA ALBRITTON,                                                          **Index No.:**

                Plaintiff,

                                **VERIFIED COMPLAINT**

        -against-

BIO-REFERENCE LABORATORIES, INC.,

                Defendant.
-----------------------------------------------------------------------X

        Plaintiff, NATASHA ALBRITTON (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm, P.C., as and for her Verified Complaint against Defendant BIO-REFERENCE LABORATORIES, INC., ("Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction of the claims that arise under New York law.

2.    Venue is proper because at least one of the parties resides in Kings County.

3.    Plaintiff NATASHA ALBRITTON is a resident of Kings County, New York, and a former employee of the Defendant.

4.    Upon information and belief, Defendant BIO-REFERENCE LABORATORIES, INC., is a domestic or foreign corporation with its principal place of business located at 481 Edward H. Ross Drive, Elmwood Park, NJ 07407.

5.    Defendant is subject to state and federal employment laws of the State of New York.

6.    This is a civil action seeking monetary relief, compensatory damages, disbursements,

costs and fees for violations of Plaintiff's rights resulting from discrimination, harassment, hostile work environment, retaliation, and wrongful termination.

7. Specifically, Plaintiff alleges that Defendant negligently, intentionally, wantonly, recklessly, and knowingly sought and did wrongfully deprive her of her employment, position, title, and pay through discrimination, harassment, and retaliation. Plaintiff alleges that Defendant purposefully and intentionally discriminated against her, retaliated against her by creating a hostile work environment, and wrongfully terminating her employment.

8. Plaintiff alleges that the Defendant created a workplace atmosphere that was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of Plaintiff's employment with Defendant.

9. The alleged acts against Plaintiff were done knowingly, purposely, and with all intentions of depriving her of her right to be free of discrimination within her employment with the defendant.

## FACTS

10. In or about 2005, plaintiff, an African-American female, started working for the defendant as a phlebotomist at Defendant's location in New York City. A few years later, plaintiff was promoted to a phlebotomist supervisor for Nassau and Suffolk Counties in New York. In that position, plaintiff was responsible for the supervision of approximately 13 Patient Service Centers (PSC). Plaintiff's duties included drawing blood for tests, conducting research and assisting with blood donations. One of Plaintiff's responsibilities was to check the temperature sheets for refrigerators used for storing blood. Plaintiff was the only African-American supervisor for Nassau and Suffolk Counties.

11. In or about January 2018, plaintiff conducted an inspection of the PSC located in Brentwood, Suffolk County. Once there, she met with Jasmine Mendez and Maritza Ayala, who

worked as phlebotomists at the Brentwood PSC. Plaintiff discovered that the two employees were not properly trained by the defendant and did not know how to properly enter the information onto the temperature log.

12.     When Plaintiff discovered that the temperature log was entered incorrectly, plaintiff explained to the two employees how to enter correctly the information onto the temperature log. Plaintiff then corrected the information on the log to make sure it corresponded with the temperature indicated on the refrigerator. Plaintiff also advised the two employees of the importance of entering correct information into the log. When the HR found out that the plaintiff corrected the temperature on the log, defendant suspended the plaintiff for a week pending an investigation. Plaintiff complained about the unjustified suspension to the defendant once she found that she was suspended.

13.     As part of her inspection, plaintiff also discovered that Dana Sorreta, plaintiff's supervisor, initialed the temperature log without actually checking the temperature.

14.     Plaintiff informed the defendant that the temperature entries were out of range and that they needed to be corrected; however, plaintiff was rebuffed and told not to complain about Dana Sorreta. Once Dana Sorreta found out that plaintiff complained about her, the hostility towards the plaintiff increased.

15.     Following the plaintiff's complaints, on or about February 23, 2018, Defendant terminated the plaintiff's employment. Upon information and belief, Plaintiff was the only African-American employee who was terminated for raising complaints about temperature log entries. As such, Plaintiff was singled out based on her race and/or national origin.

### AS AND FOR A FIRST CAUSE OF ACTION
### HARASSMENT, HOSTILE WORK ENVIRONMENT,
### WRONGFUL TERMINATION UNDER NYCHRL

16.     Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 15 as if fully set forth herein.

5

5 of 9

17. Defendant discriminated against Plaintiff by subjecting her to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action, in violation of the NYC Admin. Code §8-107.

18. As a result of the Defendants' conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the First Cause of Action in an amount to be determined at trial.

## AS FOR A SECOND CAUSE OF ACTION
## RETALIATION UNDER NYCHRL

19. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1-18 as if fully set forth herein.

20. Under the NYCHRL it is unlawful discriminatory practice for an employer to retaliate or discriminate in any manner on the basis of an employee's complaints about unlawful discrimination or a hostile work environment. A *prima facie* case of retaliation under the NYCHRL is demonstrated when a party participated in a protected activity, the defendants knew about her participation, the defendants took an employment action that disadvantaged the plaintiff and there is a causal connection between the protected activity and the negative employment action.

21. In this case, Plaintiff complained about the unjustified suspension and about improper temperatures entries by one of the defendant's employees.

22. Defendant's actions constitute unlawful retaliation for which the Plaintiff has suffered damages.

5

23. As such, Plaintiff seeks damages on the Second Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial.

## AS FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF NYS HUMAN RIGHTS LAW

24. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of the Complaint as if the fully set forth herein.

25. Defendant intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL by maintaining a pervasive atmosphere perpetuating discrimination and hostile work environment.

26. Defendant discriminated against the Plaintiff because of race and/or national origin.

27. As a result of the Defendants' violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks damages on the Third Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR AN FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 27 as if fully set forth herein.

29. Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

30. As a proximate result of the Defendant's action, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount

to be determined at trial.

**WHEREFORE**, the Plaintiff demands judgment against Defendant in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which he is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
       December 17, 2020

                                              Yours, etc.,

                                              VANDAMME LAW FIRM, P.C.
                                              /s/ *Hendrick Vandamme*
                                              Hendrick Vandamme, Esq.
                                              46 Trinity Place, 3rd Floor
                                              New York, New York 10006
                                              Tel: 212-641-0613/212-851-6916

## VERIFICATION

Hendrick Vandamme, an attorney for the plaintiff and duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

I have read the complaint and know the contents to be true except to the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The source for this information and the ground for my belief are derived from the file maintained in the normal course of business by the attorneys for the plaintiff.

Since my firm maintains an office in New York County and the plaintiff resides in Kings County, the complaint was affirmed by me.

Dated: New York, New York
December 17, 2020

/s/ *Hendrick Vandamme*
Hendrick Vandamme, Esq.